IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:08-cr-30044-PA-2 |
| | ) | No. 1:13-cv-01059-PA |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO PEREZ-CORONA, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

Before the Court is Defendant Alejandro Perez-Corona's motion under 28 U.S.C. § 2255 to vacate his sentence and conviction. In the alternative, Defendant moves the Court to appoint counsel and hold an evidentiary hearing on the motion. The government argues that the motion is barred by the statute of limitations and by Defendant's waiver of his right to file § 2255 motions. I deny the motion in part and order that Defendant's trial counsel submit a declaration on his representation of Defendant. I defer ruling on the statute of limitations issue and on Defendant's request for an evidentiary hearing and appointment of counsel pending receipt of counsel's declaration.

1 - ORDER

## **Background**

Defendant pleaded guilty to possession with intent to distribute more than 500 grams of a mixture containing methamphetamine. In the plea agreement, Defendant waived his right to appeal the conviction or sentence, other than for a claim that the sentence imposed exceeded the statutory maximum. Defendant also waived his right to file motions under 28 U.S.C. § 2255 except on grounds of ineffective assistance of counsel. In the plea petition, Defendant acknowledged that he understood that his conviction carried with it the possibility of deportation.

On June 2, 2009, I presided over Defendant's change of plea hearing. I reviewed the plea agreement and petition with Defendant, who stated that he understood the terms. Defendant also stated that he was satisfied with the representation of his attorney, Terry Kolkey, and that he had a full opportunity to discuss the plea agreement with him.

On August 11, 2009, Judge Michael Mosman sentenced Defendant to 120 months.

Defendant now moves to set aside the sentence, asserting three grounds for relief, two of which are based on alleged ineffective assistance of counsel. Ground one of the motion asserts that Defendant was denied his right to appeal; ground two asserts that counsel failed to file an appeal despite Defendant's request; ground three asserts that counsel failed to advise Defendant that his plea carried with it a possibility of deportation.

2 - ORDER

## Standards

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

## Discussion

**I. Ground One: Denial of the Right to Appeal**

Defendant claims he was denied a right to appeal when his attorney failed to file a notice of appeal as requested. Defendant's claim on this ground is essentially identical to his second claim for ineffective assistance of counsel. The Government argues that Defendant has waived his right to file § 2255 motions as part of his plea agreement.

The Ninth Circuit has held that such waivers can be effective, United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)(overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007)), except with regard to claims for ineffective assistance of counsel. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005).

Defendant in this case did execute such a waiver. Although that waiver is not effective as to Defendant's claims for ineffective assistance of counsel, it is effective as to this claim. Furthermore, this ground for the motion is duplicative of the second ground, which is not subject to waiver. Defendant's

3 - ORDER

motion on this basis is therefore DENIED.

**II. Ground Two: Counsel's Failure to File a Notice of Appeal**

Defendant alleges that his counsel "was ineffective when he failed to file notice of appeal despite the fact that Petitioner requested" that he do so. I conclude that a declaration from Defendant's attorney is necessary to resolve this ground of Defendant's § 2255 motion.

If a defendant requests that counsel file an appeal, and counsel fails to do so, that failure may establish ineffective assistance of counsel, even is the plea agreement waives the right to appeal. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) ("it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client,"). If a defendant prevails on this ground, the remedy is to allow an appeal to go forward. See id.

Defendant has not offered any evidence other than his own affidavit to support the allegations in ground one of his motion. I order Defendant's counsel, Terry Kolkey, to submit a declaration describing his conversations with Defendant regarding filing an appeal.

**III. Ground Three: Counsel's Failure to Inform Defendant of the Risk of Deportation**

Defendant is not a citizen of the United States. Defendant alleges that his counsel "was ineffective when he failed to inform him that his plea carries a risk of deportation." This claim lacks merit. The plea petition in this case explicitly states that conviction in this matter might subject Defendant to

4 - ORDER

deportation. Defendant affirmed in open court that he had read, understood, and signed the petition and that he agreed with its contents. Defendant also affirmed that he had gone over the terms of the plea agreement and petition with his attorney and he was satisfied with his attorney's representation of him. Defendant's motion on ground three is DENIED.

### Conclusion

Defendant's motion to vacate or correct sentence under 28 U.S.C. § 2255 (#98) is denied as to grounds one and three. Defendant's trial counsel, Terry Kolkey, is ordered to submit a declaration on the issues raised by ground two of the § 2255 motion. I defer ruling on Defendant's request for appointment of counsel, as well as request for an evidentiary hearing. I also defer ruling on the Government's statute of limitations argument.

IT IS SO ORDERED.

DATED this **23** day of August, 2013.

---
Owen M. Panner
United States District Judge

5 - ORDER